BARRY L. BONENO, RICHARD D. SEARS, FRANK L. FRYE AND RODGER JUNK ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. THE STATE OF NORTH CAROLINA; JAMES B. HUNT, JR., GOVERNOR OF THE STATE OF NORTH CAROLINA AND EX OFFICIO DIRECTOR OF THE BUDGET; THOMAS W. BRADSHAW, JR., SECRETARY OF THE DEPARTMENT OF TRANSPORTATION AND CHAIRMAN OF THE BOARD OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA; JOHN A. WILLIAMS, STATE BUDGET OFFICER, GEORGE LAMBERT, STATE DISBURSING OFFICER; HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA; MARK BASNIGHT, T. G. JOYNER, GEORGE G. HARPER, GARLAND B. GARRETT, JR., WILLIAM C. HER-RING, ILEY DEAN, JOE HAMME, ARTHUR WILLIAMSON, MICHAEL B. FLEMING, MARTHA C. HOLLERS, JOHN K. GALLAHER, JOHN Q. BURNETTE, M. R. PHILLIPS, DAVID W. HOYLE, JOHN N. GILKEY, JACK E. BRYANT, OSCAR LEDFORD, DAVID W. BUMGARDNER, JR., JEANNETTE CARL, JAMES B. GARRISON, SEDDON GOODE, HELEN H. LITTLE, MOSES RAY, MEMBERS OF THE BOARD OF TRANSPORTA-TION OF THE STATE OF NORTH CAROLINA; RUFUS L. EDMISTEN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA

No. 8110SC266

(Filed 17 November 1981)

**Highways and Cartways § 8— cash flow financing for highways—constitutionality**

The statute providing for "cash flow" financing for highway construction and maintenance contracts, G.S. 143-28.1, does not violate Art. III, § 5(3) of the N.C. Constitution which prohibits the Governor from incurring a deficit in ad-

ministering the State's budget, does not violate Art. V, § 3 of the N.C. Constitution which prohibits the General Assembly from contracting debt without voter approval, does not restrict the right of succeeding legislatures to govern, and does not allow the State to execute void contracts.

APPEAL by plaintiffs from *Lee, Judge.* Judgment entered 10 October 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 19 October 1981.

Plaintiffs brought this action under the Declaratory Judgment Act, seeking to have the Cash Flow Financing Act, G.S. 143-28.1, declared unconstitutional. From summary judgment for the defendants, plaintiffs appeal.

*Attorney General Edmisten, by Assistant Attorney General J. Chris Prather, for the State.*

*Craige, Brawley, Lüpfert & Ross, by C. Thomas Ross, for plaintiff appellants.*

ARNOLD, Judge.

As their first assignment of error, plaintiffs argue that G.S. 143-28.1 violates Article III, § 5(3) of the North Carolina Constitution which provides for a balanced budget. We disagree.

The provision to which plaintiffs refer provides that the Governor shall not, in administering the budget, permit a deficit to be incurred by the State on account of total expenditures exceeding total receipts. Plaintiffs apparently argue that the incurring of a contractual obligation constitutes an expenditure within the meaning of this provision. We hold, however, that an expenditure occurs only when funds are disbursed. The statute's authorization of construction and maintenance contracts by the Department of Transportation using "cash flow" financing does not violate the prohibition against incurring a deficit. Only actual expenditures in excess of receipts would violate the provision.

Plaintiffs next contend that G.S. 143-28.1 violates Article V, § 3 of the Constitution which prohibits the General Assembly from contracting debt without voter approval. It is clear that the intent of this provision is to restrict the State's power to borrow money, not its power to enter into long-term contracts. *See* N.C.

Const. Art. V, § 3(3). We find no merit in plaintiffs' arguments to the contrary.

Plaintiffs' remaining contentions, that G.S. 143-28.1 restricts the right of succeeding legislatures to govern, and that it allows the State to execute void contracts, are equally without merit.

The judgment of the trial court is

Affirmed.

Chief Judge MORRIS concurs.

Judge BECTON concurs in the result.