COUNTY OF CABARRUS, COUNTY OF ALAMANCE, COUNTY OF STOKES, COUNTY OF CALDWELL COUNTY OF DAVIE, TOWN OF GARNER, TOWN OF YANCEYVILLE, COUNTY OF NEW HANOVER, AND ADDITIONAL LOCAL GOVERNMENTS TO BE JOINED UPON THEIR MOTION, PLAINTIFFS v. NORRIS L. TOLSON, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA04-594

(Filed 5 April 2005)

**Governor— budgetary powers—suspension of payments to local governments**

> Summary judgment in favor of defendant-Secretary of Revenue was affirmed where defendant relied on an Executive Order in suspending payments to local governments of local government tax reimbursements and local government tax-sharing funds. The North Carolina Constitution clearly gives the Governor a duty to balance the budget and prevent a deficit, that must be done through expenditures, and expenditures are here interpreted to be payments, disbursements, allocations, or otherwise, budgeted to be paid out of State receipts within a fiscal period. Separation of powers was not violated because the Governor was exercising powers constitutionally committed to his office, and language in the Constitution limiting the use of taxes to stated special objects is directed toward the General Assembly. N.C. Const. art. III, § 5(3).

Appeal by plaintiffs from order entered 29 January 2004 by Judge Joseph R. John in Wake County Superior Court. Heard in the Court of Appeals 14 February 2005.

*Boyce & Isley, P.L.L.C. by G. Eugene Boyce, R. Daniel Boyce and Philip R. Isley, for plaintiff-appellants.*

*Attorney General Roy Cooper, by Chief Deputy Attorney General Grayson G. Kelley, Special Deputy Attorney General John F. Maddrey, and Special Deputy Attorney General Norma S. Harrell for defendant-appellee.*

ELMORE, Judge.

Plaintiffs appeal an order granting a motion for summary judgment in favor of defendant. Plaintiffs argue that the trial court erred when it failed to determine that defendant violated the doctrine of separation of powers. For the reasons stated herein, we affirm.

On 5 February 2002 during a state budget crisis, the Governor issued Executive Order 19, entitled "Classroom Protection and Orderly Budget Administration Given State of Fiscal Emergency." Within the order, the Governor noted that Article III, Section 5 of the North Carolina Constitution required him to continually survey the collection of revenue. He also determined that the estimated receipts for the fiscal year would not exceed the estimated expenditures, thus resulting in a deficit. After noting that a previous reduction in state agency expenditures was not going to be enough to prevent a deficit, the Governor, by his order, sought to "effect the necessary economies in State expenditures to prevent the deficit from occurring." Exec. Order No. 19 (2002). Among other measures, this order directed defendant, the Secretary of Revenue, to halt expenditures for capital improvements, further reduce expenditures throughout state agencies, and withhold funds appropriated to local governments.

Based on the order directing him to suspend payments to local governments, defendant withheld two types of funds: (1) local government tax reimbursements and (2) local government tax-sharing funds. The local government tax reimbursements consisted of property tax exemptions and taxes on inventories of manufacturers, retailers, and wholesalers. The local government tax sharing funds were derived from sources such as piped natural gas taxes, taxes on utilities, and alcoholic beverage taxes. The total amount withheld by defendant from these funds was $210,906,602.00. Nevertheless, Executive Order 19 stated that the funds would be paid to local governments, "if possible, after determination that such funds are not necessary to address the deficit." *Id.*

Plaintiffs, a group of counties and municipalities in North Carolina, filed suit in September 2002 seeking a writ of mandamus to compel defendant to issue the funds. Specifically, plaintiffs alleged that the Secretary was required to distribute the funds to local governments pursuant to chapter 105 of the North Carolina General Statutes. On 29 January 2004, after hearing arguments from the parties on their cross-motions for summary judgment, the trial court granted defendant's motion for summary judgment.

Plaintiffs concede that there is no material fact at issue in this case, but argue that the trial court incorrectly applied the law. Plaintiffs assert that defendant did not have the authority to withhold local government tax funds. Defendant, on the other hand, argues that he was authorized to withhold the funds based on Executive

Order 19. Thus, the issue presented in this case is whether the Governor exceeded his authority under the North Carolina Constitution by issuing Executive Order 19.

Article III of the North Carolina Constitution establishes the executive branch of the government and gives the Governor certain budgetary duties. Section 5 provides that in addition to preparing a budget for the General Assembly, the Governor is authorized to administer the budget enacted by the General Assembly. N.C. Const. art. III, § 5(3). Following the grant of authority to administer the budget, the Constitution provides that:

> [t]he total expenditures of the State for the fiscal period covered by the budget shall not exceed the total of receipts during that fiscal period and the surplus remaining in the State Treasury at the beginning of the period. To insure that the State does not incur a deficit for any fiscal period, *the Governor shall continually survey the collection of the revenue and shall effect the necessary economies in State expenditures[.]*

*Id.* (emphasis added). This provision clearly places a duty upon the Governor to balance the budget and prevent a deficit. Plaintiffs contend, however, that this provision does not give the Governor authority to withhold the funds in question, thus making Executive Order 19 constitutionally invalid. We disagree.

This Court has previously interpreted the word "expenditure" in *Boneno v. State*, 54 N.C. App. 690, 284 S.E.2d 170 (1981). There, plaintiffs argued that contractual obligations, in particular road construction contracts, should constitute an expenditure within the meaning of that term. We held that an expenditure occurs when funds are disbursed, not when they are encumbered by contract. This Court further determined that only those expenditures in excess of receipts would violate Article III, Section 5 of the North Carolina Constitution. *Id.* at 691, 284 S.E.2d at 171. In accord with that decision, here we interpret expenditures to be payments, disbursements, allocations or otherwise, that are budgeted to be paid out of State receipts within a fiscal period. It is these expenditures that the Governor must effect to balance the budget against the expected or anticipated receipts within that same period.

Under the circumstances in this case, the Governor issued Executive Order 19 in order to prevent expenditures from unbalancing the state budget. A failure to exercise his duty under the Con-

stitution via Executive Order 19 would have resulted in a deficit, a state of budgetary crisis that is precisely what Article III, Section 5(3) of the North Carolina Constitution prohibits.

Furthermore, Executive Order 19 did not violate the separation of powers doctrine, as plaintiffs suggest. A violation of the separation of powers doctrine occurs when one branch of state government exercises powers that are reserved for another branch of state government. *Ivarsson v. Office of Indigent Def. Servs.*, 156 N.C. App. 628, 631, 577 S.E.2d 650, 652 (2003). Implicit in the duty to prevent deficits is the ability of the Governor to affect the budget he must administer. *See, e.g., Advisory Opinion In re Separation of Powers*, 305 N.C. 767, 295 S.E.2d 589 (1982) (noting that the Governor's constitutional duty to balance the budget was paramount to the General Assembly's desire to control major budget transfers). In this case, the Governor exercised powers that were constitutionally committed to his office without invasion on the legislative branch's power.

Plaintiffs argue that despite the Governor's authority, defendant violated Article V, Section 5 of the North Carolina Constitution. This section provides that "[e]very act of the General Assembly levying a tax shall state the special object to which it is to be applied, and it shall be applied to *no other purpose*." N.C. Const. art. V, § 5 (emphasis added). Plaintiffs contend that defendant violated this provision by taking funds allocated for local governments and using them for other purposes that the General Assembly did not authorize.

But nothing about Article V, Section 5 of the Constitution suggests that it is directed at the Governor and his duty to "effect the necessary economies in State expenditures." N.C. Const. art. III, § 5(3). Rather, the special objects language is directed at the General Assembly. We do not read these two provisions of the Constitution in conflict.

Other jurisdictions that have faced similar determinations are in accord with our decision. For instance, in *Michigan Ass'n of Counties v. Department of Management & Budget*, 345 N.W.2d 584 (Mich. 1984), the Governor of Michigan reduced local government revenue-sharing funds pursuant to a state constitutional duty to balance the budget. Upon review, the Michigan Supreme Court determined that the funds were expenditures that the Governor had the authority to control and, as a result, dismissed the challenge to the Governor's actions. *Id.* Similarly, in *New Eng. Div. of the Am. Cancer Soc'y v. Comm'r of Admin.*, 769 N.E.2d 1248 (Mass. 2002), the

Governor of Massachusetts prevented a shortfall by eliminating expenditures for smoking prevention and multiple sclerosis programs. The Supreme Judicial Court of Massachusetts held that the Governor had the authority to eliminate the funds and had not violated the separation of powers. *Id.*

As a result of the foregoing, we determine that Executive Order 19 was a constitutional exercise of the Governor's authority. Thus, defendant's actions in reliance on that order were not in error.

Affirmed.

Chief Judge MARTIN and Judge McCULLOUGH concur.